IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CV-434-FL

| | | |
|---|---|---|
| PRISCILLA STATEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| TEKELEC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to dismiss (DE # 14) and amended motion to dismiss (DE # 27). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge David W. Daniel entered a memorandum and recommendation ("M&R") wherein he recommends that the court deny as moot defendant's original motion to dismiss, and grant in part and deny in part defendant's amended motion to dismiss. No objections to the M&R have been filed, and the time within which to make any objection has expired. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the findings and recommendation of the magistrate judge.

## BACKGROUND

On September 25, 2009, *pro se* plaintiff moved for leave to proceed *in forma pauperis* in this employment discrimination action, attaching her complaint and right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). That motion was granted on October 6, 2009, and the complaint was filed. Defendant moved to dismiss on December 7, 2009.

Plaintiff amended her complaint on December 22, 2009. The amended complaint contains claims for (1) intentional discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., (2) harassment and discrimination on the basis of race in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, (3) retaliation for engaging in the protected activity of asserting a right to be free from racial discrimination in violation of Title VII, and (4) failure to hire on account of race in violation of the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.1 et seq.

On January 15, 2010, defendant filed an amended motion to dismiss to address the amended complaint. Plaintiff did not respond in opposition. On motion of defendant, the court stayed discovery pending disposition of the motions to dismiss. The court then referred the motions to dismiss to the magistrate judge, who entered his M&R on August 10, 2010. Neither plaintiff nor defendant filed any objection within the time allotted by Rule 72(b).

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of

further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In addition to the pleadings, the court may look only to documents attached to the complaint or documents attached to the motion to dismiss that are integral to the complaint and authentic, and may also take judicial notice of matters of public record. Philips v. Pitt County Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

Defendant's motion to dismiss is before the court with benefit of the magistrate judge's analysis. Upon a careful review of the M&R, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Because no objections have been filed, the court reviews the magistrate judge's findings and conclusions only for clear error, and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

B.  Analysis

In support of its motion to dismiss, defendant offered a severance agreement between plaintiff and defendant, plaintiff's EEOC charge of discrimination filed February 6, 2009, and an affidavit from defendant's head of human resources.* Accordingly, the magistrate judge began his analysis by determining whether it would be appropriate to look to these matters in ruling on the motion to dismiss, and whether the motion should be analyzed instead as one seeking summary judgment pursuant to Rule 56. The magistrate judge determined that the severance agreement and

---

* As the magistrate judge recommends, defendant's original motion to dismiss is DENIED AS MOOT where plaintiff has amended his complaint and defendant has filed an amended motion to dismiss in response. Throughout the analysis section of this order, "motion to dismiss" refers to the amended motion.

3

the EEOC charge of discrimination could be considered in support of defendant's motion to dismiss because these documents were referenced in the complaint and are integral to it. See, e.g., Philips, 572 F.3d at 180. However, the magistrate judge concluded that the affidavit could not be considered in support of a motion to dismiss, and declined to convert the motion to one seeking summary judgment where *pro se* plaintiff had not been given notice of this possibility. See, e.g., Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir. 1979).

The magistrate judge also considered whether it would be appropriate to address the asserted defense of release as a bar to plaintiff's claims. "[A] motion to dismiss filed under [Rule] 12(b)(6) . . . generally cannot reach the merits of an affirmative defense . . . ." Goodman v. Pixair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc). Although in "rare circumstances" there will be sufficient factual matter alleged in a complaint to reach the defense on a motion to dismiss, see id., here the magistrate judge concluded that the complaint did not implicate defendant's release argument. Accordingly, the magistrate judge declined to reach the defense of release at this stage in the litigation.

Proceeding to the sufficiency of the complaint, the magistrate judge found that a number of plaintiff's claims for discrimination were barred by failure to exhaust administrative remedies. An individual must file a discrimination charge with the EEOC before brining a claim under Title VII, and the administrative charge defines and limits the scope of the civil action. See Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002). The court construes EEOC charges liberally, but at a minimum "the factual allegations made in formal litigation must correspond to those set forth in the administrative charge." Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005). Claims not brought before the EEOC are unexhausted, depriving the court of subject matter jurisdiction over

4

them. See Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009). The magistrate judge concluded that plaintiff's claims regarding failure to increase plaintiff's salary grade, failure to award plaintiff the Senior Accountant and/or Senior Revenue Analyst positions, and plaintiff's ultimate termination were not contemplated in plaintiff's EEOC charge.

The magistrate judge next turned to the sufficiency of the two claims that were alleged in the EEOC charge: failure to award plaintiff the position of Credit and Collection Analyst 3 and retaliation for filing an EEOC report. To state a Title VII claim for racial discrimination based on failure to hire, plaintiff must allege that "(i) [s]he belongs to a protected class, (ii) [s]he applied and was qualified for a job for which the employer was seeking applicants, (iii) despite [her] qualifications, [s]he was rejected, and (iv) after [her] rejection, the position remained open and the employer continued to seek applicants from persons of [her] qualifications." EEOC v. Sears Roebuck & Co., 243 F.3d 846, 851 (4th Cir. 2001). To state a Title VII claim for retaliation, plaintiff must show "(1) that [s]he engaged in a protected activity; (2) [defendant] acted adversely against [her]; and (3) the protected activity was causally connected to the adverse action." Holland v. Wash. Homes, Inc., 487 F.3d 208, 218 (4th Cir. 2007). After a careful review of the complaint, liberally construed, the magistrate judge concluded that plaintiff had sufficiently alleged each of the elements in these two claims.

The magistrate judge next addressed plaintiff's state law claims. The magistrate judge would dismiss plaintiff's claim under the North Carolina Equal Practices Act, N.C. Gen. Stat. §§ 143-422.1 et seq., because that statute provides no private right of action. See, e.g., Roberts v. Wal-Mart Stores, Inc., 503 F.Supp.2d 787, 788-89 (E.D.N.C. 2007) (citing McLean v. Patten Cmtys. Inc., 332 F.3d 714, 719 (4th Cir. 2003); Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000)).

5

Case 5:09-cv-00434-FL   Document 32   Filed 09/28/10   Page 5 of 7

The magistrate judge also recommended dismissing any other state law cause of action possibly implicated by the complaint. Although the complaint mentions North Carolina's Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1 et seq., it does so only in the context of that part of plaintiff's complaint alleging wrongful termination under Title VII, which the magistrate judge recommended be dismissed. The magistrate judge noted that the complaint does not clearly set out a separate claim under the Wage and Hour Act or under state common law for breach of contract, does not mention these potential causes of actions in the prayer for relief, and does not contain any citation to a specific provision of the Wage and Hour Act alleged to be violated.

Finally, the magistrate judge addressed plaintiff's cause of action under 42 U.S.C. § 1981. The elements of a discrimination or retaliation claim under Title VII and § 1981 are essentially the same. See Love-Lane v. Martin, 355 F.3d 766, 786 (4th Cir. 2004); Bryant v. Aiken Reg'l Med. Ctrs., Inc., 333 F.3d 536, 543 (4th Cir. 2003). However, a plaintiff need not exhaust her administrative remedies before filing suit under § 1981. See Johnson v. Portfolio Recovery Assoc., 682 F.Supp.2d 560, 577 (E.D. Va. 2009). see also CBOCS West, Inc. v. Humphries, 553 U.S. 442, 128 S. Ct. 1951, 1959-60 (2008); Johnson v. Ry. Express Agency, Inc., 421 U.S. 454, 460-61 (1975) ("[T]he filing of an EEOC charge and resort to Title VII's administrative machinery are not prerequisites for the institution of a § 1981 action."). Accordingly, the magistrate judge recommends allowing plaintiff's § 1981 race discrimination and retaliation claims to proceed in full.

## CONCLUSION

In sum, the magistrate judge recommends granting in part and denying part defendant's motion to dismiss. The magistrate judge recommends allowing plaintiff's Title VII discrimination and retaliation claims based only on the failure to hire her for the Credit and Collection Analyst 3

6

position to proceed, and allowing plaintiffs § 1981 discrimination and retaliation claims to proceed in full. The magistrate judge recommends dismissing all other claims asserted by plaintiffs. Upon considered review of the M&R, the court finds that the conclusions reached by the magistrate judge are supported by controlling case law as applied to the facts of this case. As such, the court ADOPTS in full the findings and recommendations of the magistrate judge. Accordingly, defendant's original motion to dismiss (DE # 14) is DENIED AS MOOT, and defendant's amended motion to dismiss (DE # 27) is GRANTED IN PART and DENIED IN PART.

Where discovery in this case previously was stayed pending disposition of defendant's amended motion to dismiss, the parties now are DIRECTED to hold conference to Rule 26(f) within twenty-one (21) days of date of entry of this order. The parties thereafter shall have fourteen (14) days to submit to one another any mandatory initial disclosures required by Rule 26(a)(1). The parties shall also submit to the court a joint report and plan, the contents of which are described more particularly in the initial order regarding planning and scheduling entered December 14, 2009, within fourteen (14) days after the Rule 26(f) conference.

SO ORDERED, this the 28th day of September, 2010.

LOUISE W. FLANAGAN
Chief United States District Court Judge