UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:09-CV-434-FL

PRISCILLA STATEN,                )
                                 )
        Plaintiff,                )
                                 )
v.                               )
                                 )
TEKELEC,                         )
                                 )
        Defendant.                )

Civil Action No.: 5:10-CV-180-FL

PRISCILLA STATEN,                )
                                 )
        Plaintiff,                )
                                 )
v.                               )
                                 )
TEKELEC,                         )
                                 )
        Defendant.                )

**CONSENT PROTECTIVE ORDER**

This case is before the Court for entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("F. R. Civ. P.") and Local Civil Rule 79.2, EDNC. The parties have informed the Court that: (i) Plaintiff has served interrogatories pursuant to F. R. Civ. P. 33 and requests for the production of documents pursuant to F. R. Civ. P. 34 that seek information that Defendant will object to providing without a protective order to preserve the confidentiality of confidential personnel, medical, financial or proprietary information and documents; (ii) the parties have agreed to the entry of this Protective Order to resolve such objections. The Court

believes that entry of this Protective Order is in the interest of all parties and in the fair and efficient administration of justice. Therefore, until further order of this Court, it is hereby ordered as follows:

1.  The following definitions shall apply in this Order:

    A.  The term "document" or "documents" means the embodiment, in any form, of any attempt, by any means, to utilize, memorialize, or communicate thoughts or information and shall include, but not be limited to, the original and all copies, regardless of origin, location, or form of any paper, pamphlet, periodical, letter, memorandum, telegram, telex, cable, other correspondence, report, record, study, note, notices, diary, calendar, working paper, chart, computer disk, computer file, electronic mail, floppy disk, hard disk, computer data storage device, book, graph, business record, appointment book, notebook, pleading, or litigation paper, as well as any other tangible things on which thoughts or information is recorded (including audio recordings of any kind);

    B.  The term "Confidential Documents" means any and all documents (as defined above) from the files or possession of any of the parties (or copies, notes, extracts, or summaries created therefrom) which contain information about personnel records, medical information, financial information, proprietary information, or any other matter the disclosure of which would disadvantage, damage, or prejudice the Producing Party or any non-party. The term "Confidential Documents" specifically includes the information contained therein.

    C.  The term "Confidential Information" means any and all information, whether contained in Confidential Documents or not, provided by any of the parties in the course of discovery in this action that concerns personnel, medical, financial or proprietary

#1963515_1.doc

2

Case 5:09-cv-00434-FL   Document 43   Filed 03/02/11   Page 2 of 10

matters, or any other matter the disclosure of which would disadvantage, damage, or prejudice the Producing Party or any non-party.

  D. The term "Producing Party" as used herein means the party to this lawsuit who produced a document or provided information designated as "Confidential" pursuant to this Order.

  E. The term "Receiving Party" means a party who has received from another party a document or information designated as "Confidential" pursuant to this Order.

  2. None of the parties or their counsel shall use Confidential Documents produced or Confidential Information provided by any other party in this action for any purpose other than prosecution or defense of this action.

  3. If any party produces any documents that it believes constitute Confidential Documents (as defined herein) or provides any information that it believes constitutes Confidential Information (as defined herein), it shall stamp each such document or label such information, including deposition transcripts or portions thereof, "Confidential." Confidential designations shall be made at the time of production, or in the case of deposition transcripts, within 10 days of the receipt of the transcript. If any other party believes that any item thus designated should be excluded from the scope of this Protective Order, that party or its counsel shall meet and confer with counsel for the party producing the item to resolve any disagreement. If the parties are unable to resolve their differences, such other party may apply to the Court for a declaration as to whether the particular item should be within the scope of this Protective Order.

  4. The parties shall designate information and documents as "Confidential" in good faith and not for the purpose of harassing the other party or for the purpose of unnecessarily restricting the other party's access to information regarding the lawsuit.

#1963515_1.doc

3

Case 5:09-cv-00434-FL   Document 43   Filed 03/02/11   Page 3 of 10

5. No person other than the Producing Party or its counsel of record shall disclose to any other person Confidential Documents (as defined herein) or Confidential Information (as defined herein) unless all terms and conditions in this Order are satisfied; and upon satisfaction of such terms and conditions, the Confidential Documents and Confidential Information may be disclosed <u>only</u> to the following persons:

    A. Counsel of record for the Receiving Party and the employees of such counsel who are assisting in preparing for the hearing or trial of this matter;

    B. Receiving Party and employees of the Receiving Party who need to see such documents to assist in preparing for the hearing or trial of this matter;

    C. Employees of any liability insurance carrier providing coverage or a defense to the Receiving Party;

    D. Persons specifically retained or consulted by the Receiving Party to assist in preparing for the hearing or trial of this matter (such as consultants and other experts) who are not regular employees of the Receiving Party or counsel of record for such party, but only if such persons need the Confidential Documents or Confidential Information to render such assistance (such persons may not retain the Confidential Documents or disclose the Confidential Information after their participation in the case is ended); and

    E. Any deposition or trial witness at a deposition, hearing, or trial to the extent that it is necessary to tender to such witness a Confidential Document or disclose Confidential Information to elicit testimony relevant to the matters at issue in this case.

6. Before any person is given access to Confidential Documents or Confidential Information therefrom under subparagraphs 5.B, 5.D and 5.E above, the Receiving Party or Receiving Party's counsel shall provide such person with a copy of this Order and require such

person to execute a written declaration (attached hereto as Exhibit A), declaring that he or she understands the terms of this Order and agrees to abide by them. (In the case of a deposition or trial witness, it shall be sufficient to provide the witness with a copy of the Order and obtain his or her acknowledgment one time prior to commencement of the deposition or testimony, and it shall not be necessary to repeat the process each time the witness is shown additional confidential documents or may be provided with confidential information.) A copy of such written declaration shall be furnished to counsel for the Producing Party. In the event any non-party deponent or trial witness refuses to execute such written declaration, such deponent or trial witness may be shown Confidential Documents or provided with Confidential Information only during his or her actual testimony and may not retain a copy of such documents or information.

7. Each person given access to Confidential Documents or Confidential Information pursuant to this Order shall keep such material strictly secure, and refrain from disclosing in any manner any such documents or information, and shall keep such documents and information confidential except as otherwise provided by the terms of this Order.

8. Before filing any information that has been designated "CONFIDENTIAL INFORMATION" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel or the party shall confer with counsel for the party, or the party, that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2(e), EDNC, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Each time a party seeks to file under seal Confidential Documents and/or Confidential Information, said party shall accompany the request with a motion to seal and a supporting memorandum of law

specifying: (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the Court. When a party seeks to file Confidential Documents and/or Confidential Information, including confidential portions of any transcript, a party shall submit such materials to the Court in a sealed envelope or other appropriately sealed container, which covering shall be endorsed with the title of this action and a statement substantially in the following form: "Filed Under Seal Pursuant to Protective Order." Before ruling on any motion to seal the Court will give the public notice of the motion and a reasonable opportunity to challenge it. While individual notice is unwarranted, the Court will docket the motion reasonably in advance of deciding the issue, or, where applicable, the Court will notify persons present in courtroom proceedings of the motion. The Court will rule favorably upon any motion to seal only after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and only upon finding that the interests advanced by the movant override any constitutional or common law right of public access which may attach to the documents, things, and/or information at issue. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

9. Upon conclusion of this action, including all appeals, the provisions hereof relating to the access to and use of Confidential Documents and Confidential Information shall continue to be binding upon all persons entitled to access under the terms of this Order, and the Receiving Party and counsel for such party shall represent in writing to the Producing Party that all such Confidential Documents and all copies, summaries, extracts and notes concerning Confidential Information have been destroyed.

10. Nothing herein shall: (i) preclude a Producing Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as it may deem appropriate; (ii) preclude any party from objecting to the discoverability of any documents or information on appropriate grounds; (iii) limit a party's or its counsel's use of its own documents or any documents obtained outside the discovery process in this action; or (iv) waive a party's right to object to the admissibility of documents or discovery materials.

11. The parties shall confer among themselves concerning measures that should be taken during trial of this cause to satisfy the requirements of confidentiality consistent with the right of all parties to present all admissible evidence necessary for a proper resolution of this case.

12. This Order may be modified by the Court upon application of any party for good cause shown.

So Ordered this the 2nd day of March, 2011.

_____
United States District Judge

**WE CONSENT:**

/s/ Priscilla Staten (signature entered with written consent of Plaintiff)
Priscilla Staten
105 Arbor Light Road
Holly Springs, NC  27540
Email: Priscilla.staten@yahoo.com
Telephone: (919) 698-7568
*Pro Se*


/s/ J. Travis Hockaday
J. Travis Hockaday
E-mail:  thockaday@smithlaw.com
N.C. State Bar No. 31588
Kimberly J. Korando
Email: kkorando@smithlaw.com
N.C. State Bar No. 13573
SMITH, ANDERSON, BLOUNT, DORSETT,
    MITCHELL & JERNIGAN, L.L.P.
Post Office Box 2611
Raleigh, North Carolina  27602
Telephone: (919) 821-1220
Fax:  (919) 821-6800
Attorneys for Defendant

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:09-CV-434-FL**

| | |
|---|---|
| PRISCILLA STATEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TEKELEC, | ) |
| | ) |
| Defendant. | ) |

**Civil Action No.: 5:10-CV-180-FL**

| | |
|---|---|
| PRISCILLA STATEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TEKELEC, | ) |
| | ) |
| Defendant. | ) |

    1.    My name is _____. I have personal knowledge of the facts set forth in this Declaration, and if called and sworn as a witness, I would testify competently to those facts.

    2.    I live at:_____.

    3.    I am employed as (state position):_____.

    4.    The full name and address of my employer is:_____

_____

_____

5. I am aware that a Consent Protective Order ("Protective Order") has been entered in the case of *Priscilla Staten v. Tekelec* in the United States District Court, Eastern District of North Carolina, Western Division ("Court"). A copy of that Protective Order has been given to me. I have carefully reviewed its terms and conditions.

6. I agree that documents, information, testimony, and tangible things ("Information") designated as CONFIDENTIAL shall be subject to the terms of the Protective Order and agree to comply with and be bound by the terms of the Protective Order.

7. Without limiting the foregoing, I agree that I will not disclose or discuss any Information designated CONFIDENTIAL except as allowed by the Protective Order.

8. I agree to use any Information designated CONFIDENTIAL solely in connection with participation in this action and for no other purpose.

9. I am aware that contempt sanctions may be entered against me for violation of the Protective Order.

10. I agree to waive any objections to the exercise of personal jurisdiction over me by the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing declaration is true and correct.

Executed this ___ day of _____, 2011.

_____
Signature