IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CV-434-FL

| PRISCILLA STATEN, | ) |  |
| --- | --- | --- |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | ORDER |
| TEKELEC, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

NO. 5:10-CV-180-FL

| PRISCILLA STATEN, | ) |
| --- | --- |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| TEKELEC, | ) |
|  | ) |
| Defendant. | ) |

This matter comes before the court on defendant's motion to dismiss pursuant to 28 U.S.C. § 1915(e)(2)(A) (DE # 45). Plaintiff responded in opposition, and defendant timely replied. In this posture, the issues raised are ripe for consideration. For the reasons that follow, defendant's motion to dismiss is granted.

## BACKGROUND

On September 25, 2009, plaintiff filed an application to proceed *in forma pauperis*. She stated, on penalty of perjury, that her average monthly income during the previous twelve (12) months had been $2,076.00, consisting solely of unemployment payments. She listed average

monthly expenses during the same period as $2,543.00. She further stated that she expected no major changes to her monthly income, expenses, assets, or liabilities during the next twelve (12) months. Based on these statements, her motion to proceed *in forma pauperis* was allowed and the court accepted her complaint, in which she alleged employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5 et seq.

On May 3, 2010, plaintiff filed a separate motion for leave to proceed *in forma pauperis* in a second action, alleging retaliation in violation of Title VII and 42 U.S.C. § 1981a. She listed average monthly income of $2,120.00 during the previous twelve (12) months, again limiting this information to unemployment payments. Monthly expenses were listed as $2,643.00 during the same period, an increase of $100.00 from her previous application. Once again, based on these statements made on penalty of perjury, her motion to proceed *in forma pauperis* was allowed.

On April 4, 2011, defendant moved to dismiss the now-consolidated cases on the basis of untruthful statements, uncovered in the course of discovery, made by plaintiff in her *in forma pauperis* applications.[1] Defendant cited discovery materials indicating that plaintiff failed to disclose a number of sources of income beyond the unemployment income identified in her *in forma pauperis* applications. In her response in opposition, plaintiff admits that her applications contained inaccurate information regarding her income, but argues that she only received detailed financial records of income and expenses during discovery, and that she did not intend to deceive the court. She also identifies additional expenses not listed in her applications, arguing that she was actually impoverished regardless of the misstatements. Defendant timely replied.

---

[1] On November 9, 2010, the court consolidated the two actions for discovery and further proceedings. Also in that order, the court set deadlines for completion of discovery and for the filing of dispositive motions. Defendant's motion was timely filed under the deadline for such motions set in that order.

## DISCUSSION

The court may permit a person to proceed *in forma pauperis* where that person submits an affidavit that includes a statement of all of her assets and information indicating that the person is unable to pay court fees. 28 U.S.C. § 1915(a)(1). But "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue." Id. § 1915(e)(2)(A). Dismissal is mandatory if the court determines an applicant's allegation of poverty is false. See Castillo v. Blanco, 330 F. App'x 463, 466 (5th Cir. 2009) (unpublished); Thomas v. Gen. Motors Acceptance Corp., 288 F.3d 305, 306 (7th Cir. 2002).

Plaintiff does not dispute that her affidavits contained a number of misrepresentations. Although she claimed only unemployment income in the amount of $2,076.00 per month, plaintiff had also received approximately $14,124.86 from defendant during the twelve months prior to her initial *in forma pauperis* application. This figure includes approximately $7,500.00 in salary, $6,057.70 in severance pay, and $567.16 from an insurance reimbursement. She also received at least $2,289.67 in income from other employers during the relevant time period,[2] retirement distributions in the amount of $1,594.05, and income from the sale of stock in the amount $2,882.49. In total, plaintiff omitted more than $20,000.00 in income earned during the twelve-month period preceding her *in forma pauperis* application filed September 25, 2008. Approximately $5,000.00 of that income also should have been claimed in her second application filed May 3, 2010.

---

[2] The evidence before the court shows that plaintiff received $2,289.67 in income from Vicki Berry Realty in November or December 2008, which is within the relevant twelve-month period. The evidence also indicates plaintiff earned $4,739.44 from her employment at Belk during 2008, but the court has not included this income in its discussion because it is unable to determine what portion of the $4,739.44 was earned between September 25, 2008 and December 31, 2008.

3

These omissions amount to a material misrepresentation of the state of plaintiff's finances, and compel the court to conclude that plaintiff's allegations of poverty were untrue. Although she attempts now to submit additional, unverified evidence indicating that her *expenses* were also understated on the applications, such evidence would be of no benefit to her. Nothing in § 1915 permits an applicant, even one who genuinely is unable to afford to pay the filing fee, to pick and choose what financial information to include on the *in forma pauperis* application. See, e.g., Mullins v. Hallmark Data Sys., LLC, 511 F. Supp. 2d 928, 941 (N.D. Ill. 2007) (rejecting argument that the court may not dismiss a case "even in cases of intentional misrepresentations . . ., so long as in the end the applicant is actually impoverished"). If anything, plaintiff's additional omissions during the relevant time period, although they appear on the other side of the ledger, only reinforce the conclusion that plaintiff was not truthful in her application.

A dismissal with prejudice for an untrue allegation of poverty, as opposed to a dismissal without prejudice or some other sanction, is appropriate only when the applicant intentionally misrepresented his or her financial condition, acted with bad faith, and/or engaged in manipulative tactics or litigiousness. See Mathis v. N.Y. Life Ins. Co., 133 F.3d 546, 547-48 (7th Cir. 1998); Lay v. Justices, 811 F.2d 285, 286 (5th Cir. 1987); Camp v. Oliver, 798 F.2d 434, 437-39 (11th Cir. 1986). Here, the magnitude of plaintiff's omissions, her admission that she purposely excluded certain expenses, and her background in accounting all point towards "conscious or intentional acts or omissions" on her *in forma pauperis* application.[3] See Harris v. Cuyler, 664 F.2d 388, 391 (3d

---

[3] Plaintiff has received a bachelor of science degree in accounting from Fayetteville State University and a bachelor of science in business accounting from North Carolina State University. She also has worked as a revenue analyst, including as a senior analyst, and asserts that she is qualified for a senior accountant position. The court finds it appropriate to take these facts into consideration when determining whether the errors in plaintiff's application were intentional. See, e.g., Johnson v. Spellings, 579 F. Supp. 2d 188, 190 (D.D.C. 2008).

4

Case 5:09-cv-00434-FL   Document 70   Filed 06/09/11   Page 4 of 5

Cir. 1991). As such, dismissal with prejudice is an appropriate sanction, and defendant's motion to dismiss is granted.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss pursuant to 28 U.S.C. § 1915(e)(2)(A) (DE # 45) is GRANTED. These consolidated cases are DISMISSED WITH PREJUDICE. All other pending motions are DENIED AS MOOT. The clerk is directed to close these cases.

SO ORDERED, this the 7th day of June, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge